0699

GOLDEN STRIP MOTORS, INC., Respondent v. PENNSYLVANIA NA-
TIONAL MUTUAL CASUALTY INSURANCE COMPANY and R. V.
Chandler and Sons, Inc., Appellants.

(343 S. E. (2d) 659)

Court of Appeals

*Paul J. Foster, Jr.* of *Foster & Mitchell,* and *Herman E.
Cox,* Greenville, *for appellants.*

*H. Michael Spivey,* Mauldin, *for respondent.*

Heard March 24, 1986.

Decided May 12, 1986.

SHAW, Judge:

This is an action for reformation of an insurance policy. Appellants Pennsylvania National Mutual Casualty Insurance Company (Pennsylvania) and R. V. Chandler and Sons, Inc. (Chandler) appeal from the trial court's order reforming an insurance policy, in favor of respondent Golden Strip Motors, Inc. (Golden Strip), to include coverage of used as well as new cars. We affirm in part and remand in part.

In equity actions tried by a judge without a reference, ■ the Court of Appeals may find facts in accordance with its own view of the evidence. *Commercial Union Assurance Co. v. Castile,* 283 S. C. 1, 320 S. E. (2d)488 (Ct. App. 1984).

Golden Strip, an automobile dealership, began purchasing insurance through Matthew Graham, an agent with Chandler, in 1976. Previously, Golden Strip dealt with R. V. Chandler personally. Chandler is an insurance agency which places coverage for individuals and businesses with various carriers. Graham placed Golden Strip's coverage with Associated General Insurance Company from 1976-1978 and with Reliance Insurance Company from 1979-1982. Graham contends he, at the direction of Golden Strip, specifically requested only new car coverage from both these insurers. However, both insurers neglected to specifically limit Golden Strip's coverage to new cars. Graham testified he intended to use these ambiguities in the policies to claim used car coverage for Golden Strip if the need arose. Golden Strip maintains it thought it had used car coverage all along.

In 1982, Golden Strip received a lower bid for insurance from another agency. This bid included new and used car coverage. Golden Strip informed Graham of the lower bid and Graham assured Golden Strip he could match it. Graham then placed coverage for Golden Strip with Pennsylvania. Graham completed the application but failed to notify Golden Strip the policy covered new cars only. Graham testified the premium on garage liability policies such as this one is based on inventory, not whether new or used cars are covered.

Golden Strip suffered the theft of a used car while its coverage was still under binder. The binder, signed by Graham, does not differentiate between new and used cars.

Pennsylvania paid this claim based on a claim form, prepared and filed by Chandler, indicating the stolen car was covered.

On June 28, 1982, the car in question was stolen from Golden Strip's lot. The car had been in Golden Strip's possession since June 9, 1982, pursuant to a recourse agreement between Golden Strip and The Citizens and Southern National Bank (C & S). Under the agreement, Golden Strip agreed to repurchase the car from C & S, who financed its original purchase, if C & S had to repossess it. Golden Strip had not yet received the title when the car was stolen. Pennsylvania denied coverage and this action ensued.

Both Pennsylvania and Chandler claim on appeal the trial court erred in finding a mutual mistake and reforming the policy. We disagree.

■ The record reveals clear and convincing evidence both Golden Strip and Graham intended for the policy to include used cars. Graham expressly agreed to match a lower bid Golden Strip received from another agency. The policy offered by the other agency specifically covered used and new cars. Thomas Gwinn, an inspector for Pennsylvania, testified Graham told an adjuster he intended the policy to afford used car coverage. Although Graham denied such an intent at trial, we find his actions from 1976-1982 clearly evidence an intent by Graham to secure used car coverage for Golden Strip.

■ Pennsylvania and Chandler also argue Golden Strip suffered no insurable loss, alleging it did not own the stolen car. They assert title was still in the name of C & S. This issue was not raised in either answer and thus we hold it is improperly raised on appeal.

■ Finally, Pennsylvania argues the trial court erred in finding Chandler was its agent. Pennsylvania further claims, if Chandler was its agent, the trial court erred in failing to find it is entitled to indemnification from Chandler. Pennsylvania bases this claim on Chandler's alleged breach of its duty of good faith, loyalty, and full disclosure. We find the trial court correctly ruled Chandler was an agent for Pennsylvania. Graham admitted at trial an agency contract existed between Chandler and Pennsylvania for over twenty years. However, the trial court failed to rule on

the issue of indemnification and we hold this was error. Thus, we remand solely for determination of the indemnification issue between Pennsylvania and Chandler.

Affirmed in part; remanded in part.

CURETON and GOOLSBY, JJ., concur.